**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SECURITIES INVESTOR PROTECTION CORPORATION**<br>**Plaintiff**<br><br>**Vs.**<br><br>**TODD JOSEPH LASCOLA, CPI INVESTMENT MANAGEMENT, INC. and CPA ADVISORS NETWORK, INC.**<br>**Defendant** | ) | **Case No. 98-610 T** |

**AMENDED MEMORANDUM OF LAW IN SUPPORT OF RECEIVER'S MOTION TO REOPEN PROCEEDING**

This Amended Memorandum of Law in Support of Receiver's Motion to Reopen Proceeding has been filed to correct inaccuracies in the Receiver's original Memorandum of Law in Support of Receiver's Motion to Reopen Proceeding, filed with this Court on August 25, 2005. The undersigned has conferred with counsel for the Securities and Exchange Commission ("SEC") and the SEC does not oppose reopening these proceedings for the purposes described in the proposed Order annexed hereto.

Movant was appointed Receiver of Defendants CPI Investment Management, Inc. ("CPI") and CPA Advisors Network, Inc. ("CPA"), upon Motion and request of the SEC which commenced this action against the Defendants alleging fraudulent conduct by the Defendants and numerous violations of the Securities and Exchange Act. In summary, the SEC charged that Defendants, including its controlling shareholder and principal Todd LaScola ("LaScola"),

made improper and unauthorized investments of client funds and that LaScola embezzled client funds for his personal use. As this proceeding progressed, Defendant LaScola was found guilty of various criminal charges brought in connection with his operations of CPI and CPA and the embezzlement of client funds. He is currently incarcerated in a federal prison. After his appointment, the Receiver took custody and control of the business records of the Defendant corporations, and commenced an investigation into the activities of the Defendants and LaScola. The Receiver gave notice of the receivership proceeding to all creditors of CPI and CPA known to the Receiver based on the books and records of the Defendant corporations and information provided to the Receiver by the SEC.

During the course of the Receiver's investigation, the Receiver also communicated at length with counsel for the Securities Investment Protection Corporation ("SIPC") and the SEC regarding this proceeding. Pursuant to various applicable federal statutes, SIPC, on behalf of investors, commenced an involuntary Chapter 7 Bankruptcy case against CPA. A Trustee in bankruptcy was appointed in that case who pursued collection of assets of CPA, and made disbursements to a number of customers of both CPA and CPI from the proceeds of the assets liquidated in that case. As a result of the bankruptcy proceeding of CPA, the Receiver was precluded from pursuing actions against CPA to collect assets on

behalf of creditors of CPI. (CPI's assets consisted of claims against CPA and LaScola).

The Receiver pursued an action against LaScola and obtained a judgment against him. LaScola has since filed a personal Chapter 7 Bankruptcy case. Additionally, acting in his fiduciary capacity, the Receiver filed the largest claim in the CPA bankruptcy case on behalf of all the creditors of CPI. As a result of this claim, the Receiver was ultimately the largest recipient of disbursements by the CPA Trustee, and was paid approximately $617,000.00 from the CPA bankruptcy case.

While the Chapter 7 case of CPA was pending, and prior to the Trustee's distribution of funds to the Receiver, the SEC filed a motion to dismiss its claims against Defendants CPI and CPA and LaScola on the basis that the injunctive relief it had sought would be meaningless in view of the liquidating status of CPI and CPA. This Court entered an Order, a copy of which is annexed hereto, on June 30, 2000, granting the SEC's motion to dismiss its claims against CPI, CPA and LaScola. The Order entered by the Court did not, however, specifically close this case nor did the Order discharge the Receiver from his duties as Receiver with respect to the creditors of CPI and CPI's receivership estate. Although the Order did not discharge the Receiver or provide a procedure for payment of receivership claims, the case was closed.

The Receiver seeks the entry of an Order in the form of the proposed Order annexed hereto, reopening this proceeding so that the Receiver may carry out his fiduciary duties, review claims filed by creditors of CPI and file with this Court, with notice to all CPI creditors, a Recommendation on Allowance of Claims and a Final Report providing for distribution of the funds in the CPI receivership estate to such creditors as authorized by this Court.

**ALLAN M. SHINE, RECEIVER OF**
**CPI INVESTMENT MANAGEMENT, INC.**

By his Attorneys,

Diane Finkle, Esq.
State Bar No. 2644
Lynn K. Gifford
State Bar No. 6648
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728
Dated:

**CERTIFICATE OF SERVICE**

I certify that on September 1st, 2005, I served the Memorandum of Law in Support of Motion to Reopen Proceeding by first class mail to the following:

Kimberly M. Zimmer, Esq.
Senior Trial Counsel
J. Lauchlan Wash, Esq.
Senior Enforcement Counsel
Attorneys for Securities
and Exchange Commission
73 Tremont Street, Suite 600
Boston, MA 02108

Tom Tarro, Esq.
Summit East Suite 330
300 Centerville Road
Warwick, RI 02886

State of RI and
Providence Plantations
Department of Business
Regulation
Securities Division
233 Richmond Street, Suite 232
Providence, RI 02903

Matthew T. Oliverio, Esq.
55 Dorrance Street
Suite 400
Providence, RI 02903

James E. O'Neill, Esq.
Law Offices of James E. O'Neil
2358 South County Trail
East Greenwich, RI 02818

Edward J. Bertozzi, Jr., Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

Jay DuBow, Esq.
Wolf, Block, Schorr, &
Solis-Cohen, LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103-2097

Sara Levesque

RECEIVED
JUN 30 200_
CLERK
U.S. DISTRICT COURT
DISTRICT OF R.I.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SECURITIES AND EXCHANGE COMMISSION, )
)
Plaintiff, )
) CA 98-610 T
v. )
)
TODD JOSEPH LASCOLA, )
CPI INVESTMENT MANAGEMENT, INC., )
and CPA ADVISORS NETWORK, INC., )
)
Defendants. )
)

**[PROPOSED] ORDER OF DISMISSAL OF CLAIMS AGAINST DEFENDANTS CPI INVESTMENT MANAGEMENT, INC. AND CPA ADVISORS NETWORK, INC. PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 41(a)(2)**

Plaintiff Securities and Exchange Commission, having filed a motion for dismissal of its claims against Defendants CPI Investment Management, Inc. ("CPI") and CPA Advisors Network, Inc. ("CPA"), and providing good reasons for the relief therein requested,

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the SEC's Motion for Dismissal of its claims against Defendants CPI and CPA, pursuant to Fed. R. Civ. P. 41(a)(2), is hereby GRANTED.

DONE AND ORDERED at Providence, Rhode Island this 7 day of July, 2000.

Ernest C. Torres

Honorable Ernest Torres
UNITED STATES DISTRICT JUDGE