UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION<br>Plaintiff<br><br>Vs.<br><br>TODD JOSEPH LASCOLA,<br>CPI INVESTMENT MANAGEMENT, INC. and<br>CPA ADVISORS NETWORK, INC.<br>Defendant | Case No. 98-610 |

**RECEIVER'S FIRST AND FINAL REPORT**

To the Honorable Court, respectfully represents Allan M. Shine, Esq., as follows:

1. On December 29, 1998, your Petitioner was appointed the Temporary Receiver of Defendants CPI Investment Management, Inc. ("CPI") and CPA Advisors Network, Inc. ("CPA") (collectively "Defendants"), thereafter duly qualified and subsequently acted as such Temporary Receiver under surety bond ordered by this Court in the amount of $10,000.

2. Subsequent to your Petitioner's appointment and qualification as aforesaid, your Petitioner took possession of Defendants' assets which were located at 10 Weybosset Street, Providence, Rhode Island, where Defendants had been engaged in the business of investment management services.

3. Your Petitioner arranged for insurance over Defendants' assets, for security over Defendants' tangible assets and for protection of Defendants' financial books and records.

4. Your Petitioner communicated with numerous creditors and other parties in interest relative to the aforedescribed matters.

5. Your Petitioner, in accordance with the Order of this Honorable Court, forwarded Notice to all of the known creditors of Defendants as to the initiation of the within proceeding and gave notice to said creditors of the Hearing on Appointment of a Permanent Receiver.

6. On February 12, 1999, your Petitioner attended said Hearing before this Honorable Court and was appointed Permanent Receiver over Defendants' assets, thereafter duly qualified by posting surety bond in the amount of $10,000.00, and has since that date acted as Permanent Receiver of Defendants' assets.

7. Petitioner was appointed Receiver of Defendants upon Motion and request of the Securities and Exchange Commission ("SEC"), which commenced this action against the Defendants alleging fraudulent conduct and numerous violations of the Securities and Exchange Act by Defendants and Todd LaScola (Defendants' sole shareholder).

8. In summary, the SEC charged that Defendants and LaScola made improper and unauthorized investments of client funds and that LaScola embezzled client funds for his personal use.

9. After his appointment, Petitioner took custody and control of the business records of the Defendant corporations, and commenced an investigation into the activities of the Defendants.

10. During the course of Petitioner's investigation, he also communicated at length with counsel for the Securities Investment Protection Corporation ("SIPC") and the SEC regarding this proceeding. Pursuant to various applicable federal statutes, SIPC, on behalf of investors, commenced an involuntary Chapter 7 Bankruptcy case against CPA. A Trustee in bankruptcy was appointed in that case who pursued collection of assets of CPA, and made disbursements to a number of investor customers of both CPA and CPI generated by the assets liquidated in that case. As result of the bankruptcy proceeding of CPA, Petitioner was precluded from pursuing actions against CPA to recover funds for the benefit of creditors of CPI. (CPI's assets consisted of claims against CPA and LaScola).

11. Based upon such investigation, Petitioner served notices on two insurance carriers of claims of the receivership estate under insurance policies issued by such carriers. These notices were time sensitive, and as a result of Petitioner's actions, these claims were preserved for the CPA Bankruptcy Trustee who ultimately collected approximately $575,000 under these policies.

12. As this proceeding progressed, federal criminal charges were brought against LaScola as a result of the alleged conduct set forth in the SEC's Complaint. LaScola pled guilty to certain charges, and is currently incarcerated in a federal prison in Florida. He has also filed a Chapter 7 Bankruptcy case in South Carolina.

13. Acting in his fiduciary capacity, Petitioner filed one of the largest claims in the CPA bankruptcy case on behalf of all creditors of CPI. As a result of the filing of this claim, the Receiver was ultimately the recipient of disbursements totaling approximately $609,000 from the CPA bankruptcy estate.

14. While the bankruptcy case of CPA was pending, and prior to the Trustee's final distribution of funds to the Receiver, the SEC filed a Motion to Dismiss its claims against CPI, CPA and LaScola on the basis that the injunctive relief it had sought would be meaningless in view of the liquidating status of CPI and CPA. This Court entered an Order on June 30, 2000, granting the SEC's Motion to Dismiss. However, no Order was entered discharging the Receiver. Upon Motion of Petitioner, the receivership proceeding of CPI was reopened by Order of this Court dated November 19, 2005, for the purpose of enabling Petitioner to review claims filed by creditors, distribute funds

on hand after payment of Court-approved administrative claims, and file a Final Report herein.

15. During the course of administration of the within proceeding, your Petitioner reviewed Proofs of Claim which had been filed herein, invoices of CPI creditors, and also the disbursement reports of the CPA Bankruptcy Trustee, and has herein filed a Receiver's Recommendation on Allowance of Claims and Distribution to Creditors which is annexed hereto as **Exhibit A** (the "Recommendation"). In said Recommendation, Petitioner lists (a) the claims filed with Petitioner and claims of creditors as known to Petitioner based on CPI's records, (b) the amount of each claim as originally filed or invoiced, (c) the amount of each claim Petitioner believes is currently unpaid, if any, and (d) subject to this Court's approval, the amount Petitioner recommends be paid with respect to each claim in order to pay all unpaid claims in full.

16. During the course of administration of the within proceeding, your Petitioner had total receipts of $620,655.54 and made total disbursements of $2,185.00, leaving cash on hand in the amount of $618,470.54, all as set forth in the Schedules annexed hereto.

17. Recognizing Petitioner's efforts and services rendered as Receiver in connection with matters involving CPA, the CPA

Bankruptcy Trustee, with the approval of the SEC and the Bankruptcy Court, paid a portion of the services rendered and expenses incurred by the Receiver in the amount of $67,007.02.

18. Petitioner is requesting allowance for his unpaid services rendered and his actual out-of-pocket expenses incurred herein as Temporary and Permanent Receiver in the amount of $79,375.76, as set forth in the itemized and detailed Statement of Services Rendered annexed hereto as **Exhibit B**, which Statement includes an estimate of additional services and expenses Petitioner anticipates rendering and incurring relative to this Final Report and payment of creditors' claims in full based on the Receiver's Recommendation annexed hereto.

19. As set forth in the Summary of Proposed Distributions annexed hereto as **Exhibit C**, and subject to this Court's approval, Petitioner estimates that after payment in full of all unpaid claims of CPI's creditors listed on the Recommendation in the aggregate amount of $512,821.20 and an allowance for the services and expenses of Petitioner as set forth herein,(if allowed by this Court as requested), there will be excess funds of approximately $26,273.00.

20. After conferring with counsel to the SEC who indicated that the SEC would have no objection, the Receiver proposes that such excess funds be paid to LaScola's Chapter 7 Trustee, Ralph

McCullough, Esq., Suite 1800, 1201 Main Street, Columbia, SC 29202, on account of LaScola's equity interest in CPI, so that such funds can be distributed by the Trustee to LaScola's creditors. Based on the Bankruptcy Schedules filed by LaScola, such creditors would not be paid in full and, therefore, there would not be any distribution of these funds to LaScola.

WHEREFORE, YOUR Petitioner respectfully prays:

1. That all of his acts, doings, and disbursements as Temporary and Permanent Receiver be approved, confirmed and ratified;

2. That the Receiver's Recommendation on Allowance of Claims and Distribution to Creditors annexed hereto as **Exhibit A** be approved and Petitioner be authorized to pay in full all unpaid claims of creditors of CPI as set forth in the Receiver's Recommendation;

3. That Petitioner be awarded an allowance for his services as Temporary and Permanent Receiver herein, plus his expenses as itemized in **Exhibit B** annexed hereto;

4. That after payment in full of all unpaid claims of creditors of CPI and all administrative expenses of this proceeding as approved by this Court, Petitioner be authorized to distribute the anticipated excess funds of approximately

$26,273.00 to the Chapter 7 Trustee of LaScola, Ralph McCullough, Esq.;

5. That Petitioner be discharged upon distribution of the aforedescribed payments and his bond ordered cancelled; and

6. That CPI's books and records and any outstanding assets be ordered abandoned, and that Defendant CPI be ordered dissolved.

Allan M. Shine, Receiver
State Bar No. 0383
WINOGRAD, SHINE & ZACKS, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728
Dated: 1/9/06

**CERTIFICATION**

I certify that on January 9th, 2006, I served copies of the Receiver's First and Final Report and all Exhibits attached thereto by first class mail to the parties on the attached service list, and to all creditors of CPI Investment Management, Inc. who filed claims or who are known to the Receiver as identified on Exhibit A annexed hereto, the Receiver's Recommendation on Allowance of Claims and Distribution to Creditors.

[signature]

**SERVICE LIST**

Josephine Wang, Esq.
Kimberly M. Zimmer, Esq.
Senior Trial Counsel
Securities Investor Protection Corporation
805 Fifteenth Street, NW #800
Washington, DC 20005-2207

John Holmes
5 Surrey Road
Barrington, RI 02806

Joseph M. Rameaka, Esq.
873 Warwick Avenue
Warwick, RI 02888
(Attorney for John Holmes)

Alan Gelfuso, Esq.
Gelfuso & Lachut
1193 Reservoir Avenue
Cranston, RI 02920
(Attorney for John Holmes)

James E. O'Neill, Esq.
Law Offices of James E. O'Neil
2358 South County Trail
East Greenwich, RI 02818

Jay DuBow, Esq.
Wolf, Block, Schorr, &
Solis-Cohen, LLP
Packard Building
111 S. 15th Street, 12th Floor
Philadelphia, PA 19102

Tom Tarro, Esq.
Summit East Suite 330
300 Centerville Road
Warwick, RI 02886

Matthew T. Oliverio, Esq.
55 Dorrance Street
Suite 400
Providence, RI 02903

Teamsters Local 251
121 Brightridge Avenue
E. Providence, RI 02914

Marc B. Gursky, Esq.
Gursky Law Associates
420 Scrabbletown Road, Suite C
North Kingstown, RI 02852
(Attorney for Teamsters Local 251)

Joseph Rodio, Esq.
Rodio & Ursillo, Ltd.
86 Weybosset Street
Providence, RI 02903
(The International Brotherhood of Electrical Workers Local Union 99)

Edward J. Bertozzi, Jr., Esq.
Edwards & Angell, LLP
2800 Financial Plaza
Providence, RI 02903

J. Lauchlan Wash, Esq.
Senior Enforcement Counsel
Attorneys for Securities and Exchange Commission
73 Tremont Street, Suite 600
Boston, MA 02108

State of Rhode Island and Providence Plantations
Department of Business Regulation
Securities Division
233 Richmond Street, Suite 232
Providence, RI 02903

Ralph McCullough, Esq.
1201 Main Street, Suite 1800
Columbia, SC 29202
(Chapter 7 Trustee for Todd LaScola)

## SCHEDULE OF RECEIPTS AND DISBURSEMENTS
## CPI INVESTMENT MANAGEMENT

Receipts:

| | |
|---|---|
| Close of Pre-Receivership Account | $ 6,636.83 |
| Payment of Claim by CPA Bankruptcy Trustee | 609,768.47 |
| Accounts Receivable (Commission Income) | 562.35 |
| Proceeds from Sale of Copier | 180.00 |
| Interest Income | 3,507.89 |
| Total Receipts | $ 620,655.54 |

Disbursements:

| | |
|---|---|
| Receiver's Bond Premiums | $ 400.00 |
| Iron Mountain (Records Storage) | 710.00 |
| Anna Morelock (Bookkeeping Services Rendered) | 75.00 |
| Reserve for Records Storage and Disposal | 1,000.00 |
| Total Disbursements | $ 2,185.00 |

Cash on Hand $618,470.54